### BARASCH v. RICHARDS et al.

(Supreme Court, Appellate Term. January 7, 1909.)

CARRIERS (§ 3*)—WHO ARE CARRIERS.

Where a course of dealings between parties extending over a great number of years showed that one of the parties had always been a forwarder and not a carrier for the other, such party will not be considered a carrier in a particular instance merely because in that instance the special contract was not delivered, in the absence of evidence that the parties had entered into a contract different in character from those they had been in the custom of entering into.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1, 468; Dec. Dig. § 3.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sigmund W. Barasch against Oscar L. Richards and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

W. S. Kohn, for appellants.

Feltenstein & Rosenstein, for respondent.

HENDRICK, J. The defendants were clearly forwarders, and not carriers. A course of dealing between the parties, extending for over 22 years, had established a relationship which cannot be changed by a failure in this particular instance to. deliver to the plaintiff the customary "pink slip" or special contract. The intention governs the agreement between the parties, and the paper is only the evidence of such intention. There is no evidence in this case that the parties had entered into a contract different in character from those they had been in the custom of entering into in the course of their long-continued dealings. That the intention was to act as forwarders only is borne out by the receipt, which was mailed the same day to the plaintiff.

Moreover, the proof of nondelivery was clearly incompetent. The letters from the consignee were improperly admitted, and their admission constitutes error, for which this judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.